UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LOGAN MILLS,** | * | **CIVIL ACTION** |
| | * | **NO. 18-847** |
| **VERSUS** | * | |
| | * | **DIVISION "F"(2)** |
| **ROBERT TANNER, WARDEN** | * | |
| | * | |

**************************************************************************

EXHIBIT E

LOUISIANA'S SUPREME COURT'S DENIAL OF MILLS'
APPLICATION FOR SUPERVISORY WRIT REVIEW CONCERNING HIS
APPLICATION POST-CONVICTION RELIEF

# SUPREME COURT OF LOUISIANA

### No. 17-KP-0912

### STATE OF LOUISIANA

v.

### LOGAN NESTOR MILLS

AUG 3 1 2018

### ON SUPERVISORY WRITS TO THE TWENTY-SECOND JUDICIAL DISTRICT COURT, PARISH OF WASHINGTON

**PER CURIAM**:

Denied. Relator fails to show that he received ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relator's remaining claims are repetitive and/or unsupported. La.C.Cr.P. art. 930.2; La.C.Cr.P. art. 930.4.

Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, *see* 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.